(C. D. 213)

EURASIA IMPORT CO. *v.* UNITED STATES

United States Customs Court, Third Division

Decided September 13, 1939

*James W. Bevans* for the plaintiff.

*Webster J. Oliver*, Assistant Attorney General (*Joseph F. Donohue*, special attorney), for the defendant.

Before Cline, Evans, and Keefe, Judges

Evans, Judge: The protest in the instant case raises the question of the jurisdiction of this court in a case wherein delivery of the merchandise was refused by the collector on the ground that the same had been seized by a special agent of the Bureau of Customs. The importer's attorney has made a very fair statement of the issue and we copy the same herewith.

The Government has moved to dismiss on the ground that this court has no jurisdiction because the merchandise was seized by a customs agent and, therefore, the withholding of delivery was not a decision of the collector.

It is plaintiff's contention that section 514 gives the importer the right to protest and, consequently, vests jurisdiction in this Court of all decisions excluding any merchandise from delivery under any provision of the customs laws; and that the collector, being the chief officer of the port and under the law having custody of all imported merchandise until all of the requirements of the customs laws have been satisfied, any decision refusing delivery is his decision, irrespective of the fact that he may be acting under instructions of the Secretary of the Treasury, or any other Government official.

When the case was called for trial the court decided that the protest at least made out a *prima facie* case, whereupon the defendant supported its motion to dismiss by evidence which conclusively established that on October 15, 1938, certain merchandise described as follows on Exhibit 1 in evidence:

> 54 Bales Woolfelt Hat bodies
> Bales #2256/2266     2272/2314
> Marks: B. H. in diamond.
> 7 Bales Woolfelt Hats
> Bales #2245/2246     2251/2255
> Marks: B. H. in diamond.
> 1 Case Formose Paper Hats
> Case #2256
> Marks: B. H. in diamond.

was taken in custody by Edward J. Dougherty, Customs Agent, and was by him delivered to the customs seizure room. The record further establishes that in conformity with the provisions of section 606, of the Tariff Act of 1930, the merchandise was appraised under date of December 16, 1938.

No question was raised as to the power or authority of the customs agent to make a seizure of merchandise. In fact, it is our opinion that under the provisions of section 581 of said act as amended by section 203 of the Antismuggling Act (U. S. Stat., Vol. 49, Pt. 1, p. 521), coupled with the provisions of section 592, Tariff Act of 1930, as amended by said Antismuggling Act, any officer of the customs is authorized, under the conditions described in the statutes, to make seizure of imported merchandise.

Section 603, of the Tariff Act of 1930, was amended by the Customs Administrative Act of June 25, 1938 (sec. 27). It is there provided that

SEC. 603. SAME—COLLECTOR'S REPORT.

Whenever a seizure of merchandise for violation of the customs laws is made, or a violation of the customs laws is discovered, and legal proceedings by the United States attorney in connection with such seizure or discovery are required, it shall be the duty of the collector or the principal local officer of the Customs Agency Service to report such seizure or violation to the United States attorney for the district in which such violation has occurred, or in which such seizure was made, and to include in such report a statement of all the facts and circumstances of the case within his knowledge, with the names of the witnesses and a citation to the statute or statutes believed to have been violated, and on which reliance may be had for forfeiture or conviction.

The record in this case shows that the seizing officer made his report in quintuplicate and the form indicates the disposition to be made of the copies as follows:

* * * one copy to be retained by seizing office, two copies for use of the collector, and one copy each for the Bureau of Customs and Comptroller of Customs.

Neither this instruction nor the testimony discloses that any report was made to the United States attorney.

In referring to the amendment of said section 603 the attorney for the plaintiff herein stated in his brief as follows:

It will be noted that this amendment to the statute requires a report to be made where legal proceedings by the United States Attorney are required. There is no conflict between this section as now amended and our position in the instant case.

This Court, undoubtedly having jurisdiction, can review whatever reasons may be set forth by the collector for withholding delivery (just as it reviewed the reasons stated by the collector in the opium case) and if it should reach the conclusion that the collector's action was justified on the facts adduced, then the procedure would be the institution of a libel in the District Court and such proceeding would require action by the United States Attorney and, therefore, in accordance with Section 603, the collector would report the case to that officer.

We are in accord with the statement of plaintiff's attorney in this respect, and it clearly appearing that the reason given for withholding delivery was that a seizure had been made by an officer of the customs service acting under the statute entirely independently of the collector, so far as the record discloses, it is our opinion that the collector was justified in refusing delivery of the merchandise. No one has called to the court's attention nor have we been able to find any provision of the statute which gives the local collector any supervision or control over the action of special agents. They now work under the Bureau of Customs.

It would appear that the object of this protest is to have this court inquire into and pass upon the reasons for the seizure by the special

agent. That is, it is desired to obtain a ruling by this court as to whether under the facts the seizure was legally justified. It is our opinion that we have no right under the protest to inquire into that matter.

The case is in a peculiar situation in this, that the plaintiff has offered no testimony in contradiction of the fact of seizure. As we are of the opinion that we have no authority under the protest as amended to inquire into the reasons of the special agent's action, we find that the Government's motion to dismiss should be and the same is hereby granted. Judgment will be rendered accordingly. It is so ordered.